BLANCHE, Judge,
dissenting.
I am of the opinion that the trial judge is correct. The tax is a “gross receipts” tax and includes all receipts of the public utility. The evidence is heavily in favor of a finding that the “Yellow Pages” constitute an indispensable and integrated part of the operation of a telephone franchisé. I agree when the trial judge remarked:
“ * * * It would tax one’s imagination to hold that revenues derived from directory classified advertising constitute revenues derived from a separate enterprise outside the scope of South Central Bell’s business of ‘furnishing telephone service for compensation.’ ” (Record, p. 90)
South Central Bell attempts to justify its refusal to pay the tax on the omission of certain language from Act 116 of 1940 as indicating that the Legislature has exempted receipts from a source incidental to the business of furnishing telephone revenue. Without admitting the nature of such reve- *615 imes as being “incidental,” the omission of the language in the Act was for the purpose of making the tax applicable only to the intrastate business of the public utility and not to supply some tax exemption to public utilities.
For the above reasons, I respectfully dissent.